**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 11-cr-00036-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  CROSBY POWELL,

    Defendant.

**ORDER GRANTING MOTION TO EXCLUDE TIME
FROM SPEEDY TRIAL ACT**

**Blackburn, J.**

This matter is before me on the **Defendant's Unopposed Motion for an Ends of Justice Continuance** [#54] filed September 8, 2011. I heard the motion on September 9, 2011. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, settings, and orders entered from the bench during the hearing.

Defendant's motion once again implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> 
> . . . .
> 
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the

> Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill***, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 10001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment,

2

> delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). I have discharged these duties.

The defendant's motion for exclusion of time from the speedy trial calculation is unopposed, and the various averments of fact alleged in the motion have been essentially confessed by the government. Thus, those foundational and predicate facts are deemed established, and I need not reiterate them here. Defendant's motion describes in appropriate detail the various reasons that counsel believes necessitate the

exclusion of additional time under the Act, and I adopt and incorporate those facts and the concomitant findings of fact that I entered during the hearing on September 9, 2011.

At the hearing on September 9, 2011, the court and counsel analyzed and determined together the time reasonably necessary to allow the new counsel for defendant a reasonable opportunity (1) to review and analyze discovery; (2) to complete pretrial investigation; (3) to prepare and file pretrial motions; and (4) to finalize preparation for trial, if necessary. The court and counsel also discussed and determined when this case should be reset for trial. The resultant determinations and deadlines are incorporated by reference.

I relied once again on the considerable professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, I was sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); and **Bloate v. United States**, – S.Ct. –, 2010 WL 757660 (March 8, 2010) (No. 08-728).

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18

U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That even considering due diligence, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That the time between the filing of the motion and the trial now set to commence February 13, 2012, should be excluded from the computation of the speedy trial time; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Unopposed Motion for an Ends of Justice Continuance** [#54] filed September 8, 2011, is **GRANTED** consistent with the foregoing findings of fact, conclusions of law, and the following orders;

2. That the time between the filing of the motion on September 8, 2011, and the trial now set to commence February 13. 2012, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

3. That non-CJA pretrial motions, if any, **SHALL BE FILED** by December 9, 2011;

4. That any response to a timely filed pretrial motion **SHALL BE FILED** within ten days of the filing of the pretrial motion;

5. That the court **SHALL CONDUCT** a Trial Preparation Conference on February 10, 2012, commencing at 11:00 a.m. (MST);

6. That trial by jury **SHALL COMMENCE** on February 13, 2012, at 8:30 a.m. (MST), with the court reserving eight (8) days for trial: February 13 through 16, 2012, and February 21 through 24, 2012;

7. That the defendant **SHALL APPEAR** at the Trial Preparation Conference and at trial without further notice, order, or subpoena; and

8. That the **Trial Preparation Conference Order** [#15] entered February 16, 2011, is **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders

Done in chambers September 12, 2011, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench following hearing on September 9, 2011.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge