**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-00036-KHV |
| CROSBY POWELL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER FOR TRANSPORT AND EVALUATION**

On February 13, 2012, defendant appeared for jury trial. The proceedings began at 8:38 a.m. At 9:10 a.m. – shortly after the Court began the process of selecting a jury – the Court advised defense counsel at sidebar that "[t]hrough this whole time your client has had his head down and his eyes closed." The Court asked defense counsel to attempt to keep defendant alert. At 9:36 a.m., defense counsel advised the Court that defendant appeared to be repeatedly falling asleep. Defense counsel indicated that he was concerned about his ability to ensure that defendant was awake while also acting as counsel. The Court took a recess to allow defense counsel to confer with defendant. Defense counsel then advised the Court that defendant was drowsy because defendant had understood that the trial "was starting later today," and thus had taken more pain medication than he would have if he had known that trial was to start at 8:30 a.m. After further discussion, the Court ordered that defendant be taken into custody to ensure his presence at trial and so that his medications could be monitored. The Court then continued trial until February 14, 2012.

Shortly after he was placed in the custody of the United States Marshal Service, defendant was transported by ambulance to Denver Health Medical Center due to medical issues. Defendant remains at Denver Health Medical Center in the Correctional Care Medical Facility.

18 U.S.C. § 4241 authorizes the Court to order a psychiatric/psychological evaluation when reasonable cause exists that a defendant may be suffering from a mental disease or defect that precludes him from understanding the nature and consequences of the proceedings against him, or assisting properly in his defense. Earlier today, the Court held a brief hearing on the issues of defendant's mental competency and physical ability to stand trial. Based on the entire record in the case, defendant has demonstrated sufficient reason for the Court to question defendant's mental competency, as well as his physical ability to stand trial. The Court finds reasonable cause to believe that defendant may be suffering from a mental disease or defect that precludes him from understanding the nature and consequences of the proceedings against him, or assisting properly in his defense. See 18 U.S.C. § 4241(a).

**IT IS THEREFORE ORDERED** that defendant shall be transported by the United States Marshal Service to a suitable facility designated by the Attorney General for a mental examination by a qualified psychiatrist or psychologist pursuant to 18 U.S.C.§ 4247 (b) and (c) for a reasonable period, but not to exceed thirty days, to determine whether defendant is suffering from a mental disease or defect that renders him legally incompetent to the extent that he can not appreciate the nature and consequences of the proceedings against him, or meaningfully assist his attorney in defending the case. Defendant shall also be evaluated to determine whether he is physically able to stand trial. Defendant should be transported as soon as practical, upon notification from the Attorney General that the designated facility is prepared to accept custody of defendant. The Clerk of the United States District Court for the District of Colorado is directed to provide a copy of this Order to the United States Marshall Service.

A report of the evaluations shall be prepared and sent to this Court. Copies of the reports

-2-

shall be provided to all counsel in the case.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2012 at Denver, Colorado.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge