# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-00036-KHV |
| CROSBY POWELL, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

On August 2, 2012, a jury convicted defendant of 17 counts of possession of stolen mail in violation of 18 U.S.C § 1708 and 11 counts of fraud related to securities of private entities in violation of 18 U.S.C. § 513(a). On December 7, 2012, the Court sentenced defendant to 120 months in prison. See Judgment (Doc. #298) filed December 14, 2012. This matter comes before the Court on defendant's Letter (Doc. #351) filed February 7, 2013, which the Court construes as a motion for appointment of counsel and for miscellaneous relief.

Defendant raises numerous substantive issues which the Court declines to address because of defendant's pending appeal. Subject to exceptions which do not apply in this case, the filing of a notice of appeal divests a district court of jurisdiction. See United States v. Brown, 290 Fed. Appx. 157, 159 (10th Cir. 2008); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006). Because defendant has already filed a notice of appeal, the Court overrules defendant's motion. See Fed. R. Crim. P. 37(a) (2) (district court may deny motion for relief where it lacks authority to grant motion because of pending appeal). Defendant may be able to raise some of these issues on appeal.[1]

---

[1] Defendant appears to seek appointment of counsel to file a motion for new trial based on newly discovered evidence; however, this Court has no authority to grant a motion for new trial
(continued...)


To the extent that the Court could construe defendant's present motion as arising under Section 2255, the Court notes that absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings. Therefore, even if the Court were to consider defendant's motion as arising under Section 2255, the Court would overrule such motion as premature.[2]

Finally, the Court overrules defendant's motion for appointment of counsel because he is represented by appellate counsel and he has not shown that separate counsel is necessary to pursue issues in the district court.

**IT IS THEREFORE ORDERED** that defendant's Letter (Doc. #351) filed February 7, 2013, which the Court construes as a motion for appointment of counsel and for miscellaneous relief, be and hereby is **OVERRULED**.

---

[1](...continued)
while his appeal is pending. See Fed. R. Crim. P. 33(b)(1).

[2]  In addition, because defendant has not addressed the relevant standards under Section 2255 and to ensure that defendant is aware of the restrictions on second or successive motions under Section 2255, the Court declines to re-characterize defendant's present pro se filings as a petition under Section 2255.

The Court notes that defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Swazo v. Wy. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

Dated this 20th day of February, 2013 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge