**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 11-cr-00036-KHV-1** |
| **CROSBY POWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

On May 15, 2015, the Court resentenced defendant Crosby Powell to 120 months imprisonment. Court-appointed counsel Ty Gee represented defendant at the resentencing hearing. On May 29, 2015, the Court entered the Amended Judgment (Doc. #437). On June 11, 2015, defendant filed a [Pro se] Notice Of Appeal. See Doc. #439. On June 15, 2015, counsel filed an Amended Notice Of Appeal (Doc. #444) as well as Defense Counsel's Motion To Withdraw (Doc. #442). In his motion to withdraw, Mr. Gee stated that defendant's pro se filings set out below raise questions regarding counsel's effectiveness at the resentencing hearing. On June 19, 2015, the Tenth Circuit granted Mr. Gee's motion to withdraw as counsel and appointed new counsel. See 10th Cir. R. 46.3(A) (trial counsel must continue to represent defendant on appeal until Tenth Circuit relieves counsel of duty).

This matter comes before the Court on defendant's Pro se Motion For Rehearing Of Resentencing Hearing[,] Recusal Of Senior Judge Kathryn H. Vratil [And] Requesting A Stay Of Court Hearing (Doc. #432) filed May 20, 2015; Defendant's [Pro se] Motion For An Emergency Hearing[,] To Stay The 14 Day Rule For Filing An Appeal [And] For Appointment Of Other Counsel Based Upon A Conflict Of Interest With Current Counsel (Doc. #433) filed May 26, 2015; Letter To Clerk (Doc. #434) filed May 27, 2015; Defendant's [Pro se] Motion Pursuant To Rule 60(b) (Doc. #435) filed May 27, 2015, [Pro se] Motion To Include Defendant's Middle Name ("Lincoln") On All Future Court

Documents (Doc. #446) filed June 22, 2015 and [Pro se] Motion For Appointment Of Counsel On Direct Appeal (Doc. #447) filed June 22, 2015.

The Court first notes that defendant's pro se motion for appointment of counsel on appeal is moot. As for each of the other pro se motions, defendant was represented by counsel when he filed them. The Tenth Circuit has held that, because there is no constitutional right to "a hybrid form of representation," United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995), when defendants have the assistance of counsel, courts need not consider any filings made pro se. See United States v. Bennett, 539 F.2d 45, 49 (10th Cir. 1976) (permission for hybrid representation is discretionary with trial court); see also United States v. Sandoval-De Lao, 283 F. App'x 621, 625 (10th Cir. 2008).

Further, to the extent that defendant asks the Court to reconsider his sentence, he has not provided any factual or legal basis to do so. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c).[1] Although Rules 35 and 36 of the Federal Rules of Criminal Procedure authorize a substantive modification of defendant's sentence to correct arithmetical, technical or other clear error within 14 days of sentencing and to correct clerical-type errors, defendant has not pointed to any such error. Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to re-sentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's Pro se Motion For Rehearing Of

---

[1] Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48.

Resentencing Hearing[,] Recusal Of Senior Judge Kathryn H. Vratil [And] Requesting A Stay Of Court Hearing (Doc. #432) filed May 20, 2015; Defendant's [Pro se] Motion For An Emergency Hearing [,] To Stay The 14 Day Rule For Filing An Appeal [And] For Appointment Of Other Counsel Based Upon A Conflict Of Interest With Current Counsel (Doc. #433) filed May 26, 2015; Letter To Clerk (Doc. #434) filed May 27, 2015; Defendant's [Pro se] Motion Pursuant To Rule 60(b) (Doc. #435) filed May 27, 2015 and [Pro se] Motion To Include Defendant's Middle Name ("Lincoln") On All Future Court Documents (Doc. #446) filed June 22, 2015 be and hereby are **OVERRULED** because defendant was represented by trial or appellate counsel when he filed each of these motions.

**IT IS FURTHER ORDERED** that defendant's [Pro se] Motion For Appointment Of Counsel On Direct Appeal (Doc. #447) be and hereby is **OVERRULED** as moot.

Dated this 2nd day of July, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge