**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 11-cr-00036-KHV-1** |
| **CROSBY POWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on <u>Defendant's Amended Motion For Advisory Counsel And Appointment Of Counsel</u> (Doc. #490) filed November 25, 2015; <u>Defendant's Motion Requesting CJA Paula M. Ray Be Appointed To Represent Defendant's Pending 33(b)(l) Motion</u> (Doc. #492) and <u>Defendant's Motion To Set [] Rule 33(b)(1) Motion For A Hearing</u> (Doc. #493), both filed December 14, 2015; <u>Motion For Reconsideration Of The Court's November 18, 2015 Order</u> (Doc. #494) and <u>Renewed Motion To Recuse Judge Vratil</u> (Doc. #495), both filed December 21, 2015; <u>Defendant's Motion For Clarification And Stay of Judge's November 18, 2015 Memorandum And Order</u> (Doc. #498) filed December 23, 2015; <u>Motion Requesting An Extension Of Time To Timely Appeal The Court's November 18. 2015 Order</u> (Doc. #499) filed December 24, 2015; <u>Motion For Emergency Appointment of Counsel</u> (Doc. #502) filed December 30, 2015; <u>Motion For Appointment Of Counsel On Appeal</u> (Doc. #506) filed January 15, 2016 and <u>Defendant's Motion Requesting An Order Directing Counsel Barrett Weisz To Provide Defendant With Hard Copies Of His Attorney Files</u> (Doc. #512) filed February 16, 2016.  For reasons set forth below, the Court finds that defendant's <u>Motion Requesting An Extension Of Time To Timely Appeal The Court's November 18, 2015 Order</u> (Doc. #499) and <u>Defendant's Motion Requesting An Order Directing Counsel Barrett Weisz To Provide Defendant With Hard Copies Of His Attorney Files</u> (Doc. #512) should be sustained.  The Court

declines to rule on defendant's <u>Motion For Appointment Of Counsel On Appeal</u> (Doc. #506) filed January 15, 2016.  The Court finds that the remaining motions should be overruled.

### Facts

On January 25, 2011, a grand jury charged defendant with 13 counts of possession of stolen mail in violation of 18 U.S.C. § 1708 and seven counts of fraud related to securities of private entities in violation of 18 U.S.C. § 513(a).  <u>See</u> <u>Indictment</u> (Doc. #1).  On June 21, 2011, the grand jury returned a superceding indictment which charged defendant with 17 counts of possession of stolen mail in violation of Section 1708 and 11 counts of securities fraud under Section 513(a).

Beginning July 16, 2012, the Court conducted a nine-day jury trial.  Highly summarized, the evidence at trial included the following.

In October of 2006, a TCF Bank investigator contacted Postal Inspectors Brian Mullervy and Richard Sheehan about possible bank fraud involving stolen checks.  The investigator told the Postal Inspectors that approximately $70,000 in stolen checks had been deposited into defendant's "Dis Wire" account at TCF Bank in Denver, Colorado.  The Postal Inspectors went to TCF Bank and contacted a teller who identified defendant as the person who had deposited the checks.  The Postal Inspectors also retrieved the stolen checks and related deposit slip.  The Inspectors then contacted defendant and he agreed to meet with them.  Defendant acted surprised when the Inspectors told him that the checks were stolen.  Defendant stated that he had two businesses involving business cards, used cell phones and used computers.  He said that the checks which he had deposited came from customers who had purchased merchandise from him.

Numerous witnesses testified about stolen checks that had been deposited into defendant's TCF bank account and other bank accounts at UMB Bank and Wells Fargo.  These  witnesses testified that

they had placed specific checks in authorized mail receptacles, and that the checks were intended to be received and deposited by the intended recipients.  The witnesses further testified  that defendant did not have any authority or permission to possess the checks or deposit them into his accounts. Numerous other witnesses to whom the checks were mailed testified that they never received specific checks and had not given defendant permission to possess the checks or deposit them into his accounts.

Cheston Foster testified regarding his involvement in defendant's schemes.  Foster pled guilty to a felony regarding his illegal activity, and testified that on October 16, 2008, defendant directed him to deposit an altered check.  Although he was supposed to give defendant the money from the check, he lied; he told defendant that he did not deposit the check, and then he kept the money.  Foster also testified that he had seen defendant in possession of United States Treasury checks stolen from the mail.

Kenneth Lee testified that by opening a bank account at defendant's direction, purportedly for deposit of social security disability checks, he was an unwitting accomplice to defendant's fraud.

Tellers and bank investigators testified that many of the stolen and forged checks had a "%" sign, which tellers who received the checks interpreted to mean "in care of."  FBI Special Agent John Elvig testified (pursuant to a limiting instruction under Rule 404(b)) that defendant was involved in similar activities in 1992 through 1994 and that he used similar techniques in those schemes.

On August  2, 2012, a jury found defendant guilty on all 28 counts.  On December 7, 2012, the Court sentenced defendant to a total of 120 months  in prison.  Doc. #298.  Defendant appealed the 11 convictions under Section 513(a).  On September 22, 2014, the Tenth Circuit reversed defendant's convictions on eight of the Section 513(a) counts, finding insufficient evidence that the payors, payees and drawee banks of the forged checks were organizations operating in interstate commerce.  United States v. Powell, 767 F.3d 1026, 1033 (10th Cir. 2014).  The Tenth Circuit remanded for resentencing.

On May 15, 2015, the Court again sentenced defendant to 120 months in prison.  See Doc. #437.

On June 11, 2015, defendant filed a notice of appeal.  See Doc. #439.  On August 7, 2015, through court-appointed counsel, defendant filed a second amended motion to dismiss the appeal, see United States v. Powell, 15-1198 (10th Cir.).  The Tenth Circuit granted that motion and dismissed the appeal under 10th Cir. R. 46.3(B).  Doc. #460.

On August 10, 2015, defendant filed various motions in this Court: Motion For A New Trial Pursuant To Fed. R. Crim. P. 33(b)(1) (Doc. #483), Motion For Reassignment (Doc. #467), Motion For Appointment Of Counsel And/Or Advisory Counsel [For the Motion To Reconsider] (Doc. #465).  On November 18, 2015, the Court overruled the motions as well as numerous related motions.  See Memorandum And Order (Doc. #488).[1]

---

[1]     The Memorandum And Order also overruled defendant's Letter Regarding Holding Motions In Abeyance (Doc. #463); Motion For A New Trial Pursuant To Rule 32(b)(l), Fed. R. Crim. P. (Doc. #464); Motion For Order Requiring The U.S. Marshal's Service To Permit Him To Travel With His Legal Papers (Doc. #397); Motion To Stay [Transfer] In This Case Pending Final Disposition Of the Rule 33(a)(a) Motion (Doc. #468); Motion To Appoint And Authorize Services Of The U.S. Marshal  For Serving The Defendant's Subpoenas At Government Expense (Doc. #469); Motion To Appoint Private Investigator For Defendant's Rule 33(b)(l) Motion (Doc. #470); Motion To Clerk Of The District Court Authorized Issuance Of Subpoenas Pursuant To Defendant's Proposed Witness List (Doc. #471); Defendant's Motion For Expert Witness To Testify (Doc. #472) and Motion Requesting A Court Order For [An] Expedited Court Setting Date On The Defendant's Rule 33(a) Motions (Doc. #473).  Also on November 18, 2015, the Court sustained in part two motions in which defendant sought return of records from attorneys.  See Memorandum And Order (Doc. #510).

**Analysis**

1.    <u>Renewed Motion To Recuse</u> (Doc. #495)

Sections 144 and 455 of Title 28, United States Code, govern motions for recusal.  Section 144 provides as follows:

> [w]henever a party to any proceeding in district court makes and files a timely affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . [and] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144; <u>see</u> 28 U.S.C. § 455(a) (federal judges must disqualify themselves in any  proceeding in which partiality might reasonably be questioned); <u>Switzer v. Berry</u>, 198 F.3d 1255, 1257 (10th Cir. 2000); <u>see also</u> Code of Conduct for United States Judges, Canon 3, § C(l) (judge shall disqualify herself in proceeding in which judge's impartiality might reasonably be questioned).

The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987).  The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the Court. <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995); <u>see</u> <u>United States v. Cooley</u>, 1 F.3d 985, 993 (10th Cir. 1993) (statute not intended to give litigants veto power over sitting judges, or as vehicle to obtain judge of their choice).

Here, defendant has not filed an affidavit in compliance with Section 144, but he advances several  reasons why he believes the undersigned must recuse.  The Court has considered each argument and finds no basis for recusal.

Defendant alleges a "conspiracy" in which the United States Attorney selected the undersigned judge to handle the case.  Pursuant to District of Colorado local rules, however, Chief Judge Wiley C. Daniel, not the United States Attorney, assigned this case to the undersigned judge.  See D.C. Colo. LCrR 50.1.[2]  Defendant also asserts that the undersigned has a heavy case load in the District of Kansas and therefore has no time to devote to his case.  The Court has made every effort to handle this case in a timely manner, and finds no reason to recuse on this basis.

Defendant further contends that the undersigned has "shown extreme bias and prejudice" toward him.  Doc. #497 at 1.  In particular, he asserts that the undersigned has treated him more harshly than other judges treated his alleged accomplice, Cheston Jerome Foster.  Here, defendant  has not pointed to any facts, and the Court is aware of none, which would cause a reasonable person to question the impartiality  of  the  undersigned  judge.[3]   The  Court  therefore  finds  that  defendant's  motion  for reassignment should be overruled.

2.      Motion For Reconsideration Of The Court's November 18, 2015 Order (Doc. #494) And Motion

---

[2]      D.C. Colo. LCrR 50.1 provides as follows:

(a) Assignment in General. Except as provided in this rule, criminal cases shall be assigned to judicial officers by random draw.  Work parity shall be maintained among active district judges, provided that a majority of active district judges may adjust the assignment of criminal cases to the Chief Judge as may be necessary for the performance of the duties of that office, and may, for good cause, approve special assignment or reassignment of criminal cases among the judicial officers of the court. All other reassignments of cases shall be subject to the approval of the Chief Judge.

[3]      Under Section 455(b )(1), a judge must also disqualify herself if she has a personal bias or prejudice concerning a party.  The undersigned has no such bias or prejudice against defendant, from extrajudicial sources or otherwise.  See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from extrajudicial source).

<u>For Clarification (Doc. #498)</u>

Defendant asks the Court to reconsider denial of his motion for new trial. He asserts that the Court erroneously applied a three-year limitation on newly discovered evidence. Defendant also contends that he was medically disabled during the summer of 2015 and therefore could not adequately present his motion for a new trial.

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider. Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases. <u>See</u> <u>United States v. West</u>, No. 01-40122-01-SAC, 2002 WL 1334870, at *1 (D. Kan. May 9, 2002); <u>United States v. D'Armond</u>, 80 F. Supp.2d 1157, 1170 (D. Kan. 1999). A court has discretion whether to grant a motion to reconsider. <u>Brumark Corp. v. Samson Res. Corp.</u>, 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. <u>See</u> <u>Major v. Benton</u>, 647 F.2d 110, 112 (10th Cir. l981); <u>Burnett v. W. Res., Inc.</u>, 929 F.Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. <u>See</u> <u>Voelkel v. Gen. Motors Corp.</u>, 846 F.Supp. 1482, 1483 (D. Kan. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. <u>See</u> <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Here, defendant appears to assert clear error or the need to prevent manifest injustice. After

reviewing defendant's briefs and the record in this case, the Court finds that defendant has not shown any basis to alter the Court's ruling on his motion for a new trial.

First, in ruling on defendant's motion for a new trial, the Court did not rely on a three-year limit for motions based on newly discovered evidence. See Memorandum And Order (Doc. #488) at 6-7 n.3.[4] Rather, the Court found that defendant did not point to any newly discovered evidence that would probably produce an acquittal if introduced at a new trial.[5] Further, although defendant asserts that his medical issues in the summer of 2015 prevented him from effectively presenting his motion for a new trial, he filed an amended motion in October of 2015 and the Court considered the arguments and evidence he proffered in that motion. Moreover, defendant's motion for reconsideration does not

---

[4]     The Court stated as follows.

Ru1e 33(b)(l) provides that a motion grounded on newly discovered evidence must be filed within three years of the verdict or finding of guilt. Defendant filed his original Rule 33 motion on August 10, 2015 – eight days after the three-year deadline. But the Rule 33 time limitations are not jurisdictional and are subject to forfeiture if the government fails to object to an untimely submission. See United States v. Jones, 369 F. App'x 937, 939 (10th Cir. 2010) (citing Eberhart v. United States, 546 U.S. 12, 18-19 (2005)). Here the government has not raised the untimeliness of defendant's motion for new trial under Rule 33(b)(l).

Memorandum And Order (Doc. #488) at 6-7 n.3

[5]     Specifically, the Court found as follows:

[M]uch of the newly discovered evidence related to events which occurred after defendant's conviction and would not be admissible in a new trial. Arguably some of the information in the Meadows affidavit might be admissible to impeach Foster, who provided incriminating testimony against defendant. The Court notes that Meadows did not sign the affidavit, and it is therefore not admissible. Further, newly discovered evidence which is merely impeaching generally does not justify a new trial. United States v. McMahan, 852 F.2d 337, 339 (8th Cir. 1988).

suggest that in light of overwhelming evidence against him, a new trial would likely result in acquittal. Accordingly, the Court finds that defendant's motions to reconsider and for clarification should be overruled.

3.    Motions Requesting Appointment Of Counsel For Rule 33(b)(l) Motion (Docs. #490, 492, 502) And Motion To Set Hearing (Doc. #493)

Defendant asks the Court to appoint counsel to represent him in his Rule 33(b)(1) motion or to appoint advisory counsel.  As the Court noted in overruling defendant's Rule 33 motion, the decision whether to appoint counsel for defendant in a post conviction, post-appeal Rule 33 motion is left to the discretion of the district court.  See United States v. Berger, 375 F.3d 1223, 1226-27 (11th Cir. 2004); Trenkler v. United States, 268 F.3d 16, 20 (1st Cir. 2001) (after final conviction, appointment of counsel rests in discretion of court); United States v. Birrell, 482 F.2d 890, 892 (2d Cir. 1973) (per curiam) (same).  The Court finds that defendant has not identified any newly discovered evidence which is likely lead to a different result in a new trial.  The Court therefore  declines to appoint counsel. The Court also overrules as moot defendant's motion to set his Rule 33(b)(l) motion for a hearing.

4.    Motion Requesting An Extension Of Time To Timely Appeal The Court's November 18, 2015 Order (Doc. #499)

Defendant asserts that he did not learn of the Court's Memorandum And Order (Doc. #488) which denied his Rule 33(b)(1) motion until December 23, 2015, when he discovered it on a legal website. On November 18, 2015, the Clerk's Office mailed defendant a copy of the Memorandum And Order.  On December 2, 2015, the Postal Service returned the mailing to the Clerk's Office as undeliverable. Docs. #488, 491; see Doc. #489 (notice of change of defendant's address on November 25, 2015).  On December 22, 2015, the Clerk's Office re-mailed the Memorandum And Order to

defendant's new address at Federal Prison Camp-Englewood, Littleton, Colorado.  <u>See</u> Doc. #496.  For

good cause shown, the Court finds that defendant's motion for an extension of time to December 24,

2015 to appeal the November 18, 2015 order should be sustained.  <u>See</u> Rule 4(b) (4), Fed. R. App. P.

(district court may extend 14 day period to appeal by 30 days upon showing of good cause or excusable

neglect).

5.      <u>Motion For Appointment Of Counsel On Appeal (Doc. #506)</u>

        Defendant asks the Court to appoint counsel on appeal of this Court's rulings on his motion for

a new trial.  This motion is properly raised in the Tenth Circuit, and the Clerk is directed to forward this

motion for filing in the Tenth Circuit.

6.      <u>Motion Requesting Counsel Barrett Weisz To Provide Defendant With Hard Copies Of His
        Attorney Files (Doc. #512)</u>

        On November 18, 2015, the Court directed the attorneys who have represented defendant in this

case to return all files and records to which defendant is entitled if they have not already submitted them

to defendant or to replacement counsel.  Defendant's motion states that Weisz provided defendant a

tape containing over 1,000 pages of records but that the prison does not have a system to provide access

to this information.  Defendant asks the Court to direct Weisz to provide hard copies of the materials

on the tape.

        Rule 1.16(d) of the Colorado Rules of Professional Conduct requires counsel, upon termination

of  representation, to surrender papers to which the client is entitled.  Colo. RPC 1.16(d); <u>see</u> Colo. Bar

Ass'n Formal Ethics Op. 104, "Surrender of Papers to the Client Upon Termination of the

Representation" (April 17, 1999) ("Under Colo. RPC 1.16(d), all papers and property to which the

client is entitled must be surrendered upon demand within a reasonable time, regardless of duplication

costs.  In the event the lawyer decides to retain a copy of those papers and property for the lawyer's own purposes, the duplication costs for these items are not properly billed to the client").

Weisz has informed the Court that the total client file for defendant contains 4000-5000 documents.  Weisz states that he does not have the capacity to generate that number of copies, but estimates that an outside vendor could generate the copies at a cost of $350 to $450.  Weisz asks the Court to authorize the expenditure for copies.  Because Weisz has not produced hard copies for his own purposes, the Court authorizes the expenditure.  On or before March 15, 2016, Weisz shall mail hard copies of the client file to defendant at his current address as set forth on the docket sheet at the time of mailing.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion For Advisory Counsel And Appointment Of Counsel (Doc. #490) filed November 25, 2015; Defendant's Motion Requesting CIA Paula M. Ray Be Appointed To Represent Defendant's Pending 33(b)(1) Motion (Doc. #492) and Defendant's Motion To Set [] Rule 33(b)(l) Motion For A Hearing (Doc. #493), both filed December 14, 2015; Motion For Reconsideration Of The Court's November 18. 2015 Order (Doc. #494) and Renewed Motion To Recuse Judge Vratil (Doc. #495), both filed December 21, 2015; Defendant's Motion For Clarification And Stay of Judge's November 18, 2015 Memorandum And Order (Doc. #498) filed December 23, 2015; and Motion For Emergency Appointment of Counsel (Doc. #502) filed December 30, 2015 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion Requesting An Extension Of Time To Timely Appeal The Court's November 18, 2015 Order (Doc. #499) filed December 24, 2015 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that <u>Defendant's Motion Requesting An Order Directing Counsel Barrett Weisz To Provide Defendant With Hard Copies Of His Attorney Files</u> (Doc. #512) filed February 16, 2016 be and hereby is **SUSTAINED**.  The Court authorizes Weisz to procure copies of defendant's client file at the cost of up to $450.  On or before March 15, 2016, Weisz shall mail hard copies of the client file to defendant at his current address as set forth on the docket sheet at the time of mailing.

**IT IS FURTHER ORDERED** that the Court declines to rule on defendant's <u>Motion For Appointment Of Counsel On Appeal</u> (Doc. #506) filed January 15, 2016.  The Clerk is directed to forward the motion to the Tenth Circuit Court of Appeals.

Dated this 4th day of March, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-12-